IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PAUL D. MAZE, 25428-076,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:22-cv-00980-SMY |
| | ) |
| **FAISAL AHMED,** | ) |
| **MS. BRAZZELL,** | ) |
| **E. WILLIAMS,** | ) |
| **E. MILLS,** | ) |
| **HARTNAGEL,** | ) |
| **RITZEL,** | ) |
| **BARV VON BLANCKENSEE,** | ) |
| **M.D. CARVAJAL,** | ) |
| **THOLE,** | ) |
| **DONALD ROSS,** | ) |
| **PATE,** | ) |
| **OFFICER JONES,** | ) |
| **JOHN DOE #1,** | ) |
| **JOHN DOE #2,** | ) |
| **BAGWELL,** | ) |
| **UNITED STATES,** | ) |
| **and FBOP,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Paul Maze, a former inmate at the Federal Correctional Center in Greenville, Illinois ("FCI-Greenville"), filed this lawsuit pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff alleges he was improperly transferred from FCI-Greenville to the Federal Correctional Center in Yazoo City, Mississippi ("FCC-Yazoo") on July 14, 2021, when he should have been placed on a medical hold and treated for numerous medical conditions at FCI-Greenville in 2020-21. (Doc. 1). This case is now before the Court for preliminary review of the Complaint

under 28 U.S.C. § 1915A, which requires the Court to screen and dismiss any portion that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant.  28 U.S.C. § 1915A(b).

## Discussion

The Complaint violates Federal Rule of Civil Procedure 8, under which a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  The allegations must be "simple, concise, and direct."  FED. R. CIV. P. 8(d)(1).  Violation of this Rule is grounds for dismissal.

Plaintiff's Complaint spans 228 pages, and the statement of claim comprises much of the document.  Instead of briefly summarizing the facts supporting his claims against each of the seventeen defendants, Plaintiff describes his grievances about prison medical care in expanded narrative form.  He covers in great detail every interaction with prison staff about his medical issues in 2020-21.

Among other things, Plaintiff complains about the denial of medical care for a pre-existing neurological condition, degenerative disc disease, cervical myelopathy, spinal stenosis, sciatic nerve damage, anemia, hypertension, tinea pedis, bacterial skin infection, dental issues, eye disease, and COVID-19.  He complains about the denial of access to assistive devices (*e.g.*, a walker and wheelchair), specialty services (*e.g.*, physical therapy and pain management), and diagnostic testing (*e.g.*, EMGs and MRIs).  He describes thirteen months of ongoing retaliation and falsification of records.  Plaintiff asserts claims against the defendants under the First, Fifth, Eighth, Eleventh, and Fourteenth Amendments, as well as the Rehabilitation Act, Americans with Disabilities Act, Federal Tort Claims Act, and Illinois state law.  The Complaint is overly broad.

The document is also poorly organized.  The allegations are not set forth in separately

numbered paragraphs as required by Federal Rule of Civil Procedure 10(b). At times, Plaintiff moves from one page to the next without completing his words, sentences, or thoughts. For example, at the bottom of page 15, he states: "The also did not make any tiype of recommendations t-". (Doc. 1, p. 15) (errors in original). Plaintiff never completes the sentence on page 15 or 16. He routinely intersperses his exhibits with his allegations in unpredictable fashion. The Court often cannot discern whether it is reviewing the statement of his claim or merely exhibits he has thrown into the mix.

The exhibits are difficult to read and interpret. Plaintiff offers documents that are obviously printed over the top of other documents. The Court cannot determine whether Plaintiff intends to offer the original version, the additional printed version, or both. He provides no explanation or context for these exhibits. The Court is not required to waste time guessing why they are part of the Complaint.

Plaintiff also makes clear that he intends to amend the Complaint. Expanding upon the same sentence quoted above, Plaintiff states, ""The also did not make any tiype of recommendations t-" and then adds "I will need to amend this civil complaint to either add or remove defendants, etc." (*See* Doc. 1, pp. 15-16) (errors in original). At page 134, he states, "These exhibits are being provided as evidence in support of plaintiff claim alleging a delay and access to medical care. Plaintiff would ask the court for opportunity to amend and refile this claim." (Doc. 1, p. 134) (errors in original). He makes the same statement time and again. *See id.* at 155, 164, 175, 184, 194, 199, 202, and 205).

Plaintiff also attempts to assert too many claims against the seventeen defendants for the Court to identify, list, or even summarize. He likely submitted this omnibus complaint because he already struck out by filing three or more suits that were dismissed under 28 U.S.C. § 1915(g).

*See Maze v. Terrell*, No. 14-cv-1153-JDT-EGB, 2015 WL 1651287, at *7 (W.D. Tenn. Apr. 14, 2015) (collecting cases). But, he cannot toss all of his grievances against every prison official into a single document in order to avoid payment of filing fees and additional strikes.

Additionally, the Complaint violates the rules of joinder as Plaintiff's claims involve different defendants, arise from separate transactions or occurrences, and hinge on different legal theories. FED. R. CIV. P. 18-21. Federal Rule of Civil Procedure 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action, unless the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all. *See* FED. R. CIV. P. 20; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Improper joinder is grounds for striking a Complaint. *Id*. (recommending that district courts faced with improper joinder problems strike a prisoner complaint and allow at least one amendment before screening under 28 U.S.C. § 1915A).

For the foregoing reasons, the Complaint will be dismissed without prejudice for violation of Rules 8, 10, and 18-21. Plaintiff will have an opportunity to file an amended complaint in this case. If he chooses to amend, Plaintiff should focus on bringing related claims involving common legal theories against a single defendant or group of defendants.[1] He should file one or more separate complaints to address his other unrelated claims that arise from different transactions or occurrences and involve other defendant(s).[2] *Dorsey v. Varga*, 55 F.4th 1094 (7th Cir. 2022).

---

[1] Plaintiff is advised that he is not required to offer evidence or exhibits in support of his claims yet. If he chooses to do so, he should clearly mark the documents as exhibits, refer to them by number in the statement of his claim, and include the exhibits at the end of the Complaint (or for filing as an attachment). He should not bury exhibits in the middle of his statement of claim.

[2] Plaintiff should be aware that a two-year statute of limitations governs his claims under *Bivens*.

Plaintiff must succinctly state his claims against each defendant. Failure to comply with these instructions may result in severance of any improperly joined claims into a new suit (for which he must pay an additional filing fee and may also incur another strike) or dismissal of the amended complaint.

## Disposition

The Complaint is **DISMISSED without prejudice** for violation of Federal Rule of Civil Procedures 8, 10, and 18-21. Plaintiff is **GRANTED** leave to file a First Amended Complaint by **June 22, 2023**. The First Amended Complaint will be subject to review under 28 U.S.C. § 1915A.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. **He should label the form "First Amended Complaint" and use the case number for this action (No. 22-cv-00680-SMY)**. Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how. . . ."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail him a civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to a previously filed Complaint. The First Amended Complaint must stand on its own, without reference to any previous pleading.

If Plaintiff fails to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for failure to prosecute his claims. The dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  May 23, 2023**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**